**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex rel. Patricia Haight and In Defense of Animals,<br><br>   Plaintiffs,<br><br>vs.<br><br>Catholic Healthcare West, et al.,<br><br>   Defendants. | No. CV-01-2253-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion for attorneys' fees (doc. 216) and memorandum in support (doc. 220), plaintiffs' response (doc. 226), and defendants' reply (doc. 228). We also have plaintiffs' motion for review of clerk's costs determination (doc. 229), and defendants' response (doc. 230).

Plaintiffs filed this action under the False Claims Act, 31 U.S.C. §§ 3729-3733, claiming that defendants made false claims in connection with a grant application to fund medical research involving the use of dogs. We granted summary judgment in favor of defendants (doc. 214). Defendants now seek an award of $679,733.50 in attorneys' fees and related non-taxable expenses pursuant to 31 U.S.C. § 3730(d)(4).

In *qui tam* cases, a court may award reasonable attorneys' fees to a prevailing defendant if the plaintiff's claim was "clearly frivolous, clearly vexatious, or brought

1  primarily for purposes of harassment." Id. An action is "clearly frivolous" when "the result
2  is obvious or the [plaintiff's] arguments of error are wholly without merit." Pfingston v.
3  Ronan Eng'g Co., 284 F.3d 999, 1006 (citation omitted). An action is "clearly vexatious"
4  or "brought primarily for purposes of harassment" when the plaintiff "pursues the litigation
5  with an improper purpose, such as to annoy or embarrass the defendant." Id. The award of
6  fees under § 3730(d)(4) is "reserved for rare and special circumstances." Id. at 1006-07.

7       We initially denied defendants' motion to dismiss, concluding that plaintiffs had
8  sufficiently set forth legally viable claims in their complaint (doc. 58). In connection with
9  the motions for summary judgment, we determined only after an extensive review of the
10 evidence that the claims were without legal merit. We cannot engage in *post hoc* analysis
11 of those claims. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct.
12 694, 700 (1978). Instead, we rely on the analysis set forth in our prior order (doc. 214) and
13 conclude that plaintiffs' claims were not so lacking in legal merit as to be deemed frivolous.

14      Defendants argue that we must nevertheless grant fees because plaintiffs acted with
15 an improper motive in pursuing this case. They claim that Dr. Haight and In Defense of
16 Animals used this litigation to advance their social agenda of stopping the use of animals in
17 medical research. Defendants argue that this litigation was just another step in a long
18 harassment campaign, which included picketing outside their place of business; holding press
19 conferences and letter-writing campaigns in an effort to stop the research; and petitioning the
20 Maricopa County Sheriff's Office to file animal cruelty charges against Dr. Berens.

21      The purpose of the False Claims Act is to remedy fraud against the government, not
22 to provide a vehicle for relators to pursue their own agenda. The question of imposing
23 attorneys' fees is problematic when a relator with an obvious social agenda asserts a facially
24 meritorious claim. The False Claims Act provides for attorneys fees to a prevailing
25 defendant when a plaintiff's claims are "clearly frivolous" or "brought primarily for purposes
26 of harassment." 31 U.S.C. § 3730(d)(4). Although these criteria are presented as alternative
27 grounds, they are nevertheless related in that evidence bearing on frivolousness will often be
28 probative of improper purpose. See Townsend v. Holman Consulting Corp., 929 F.2d 1358,

1 | 1362 (9th Cir. 1990) (discussing these factors in the context of Rule 11 sanctions).

2 | It is evident from plaintiffs' pre-litigation activities that they acted to advance their own social agenda. If evidence of an improper motive were our only consideration, our inquiry would end. However, § 3730(d)(4) provides that not only must evidence exist that plaintiffs were motivated by an improper purpose, but also that their claims were brought "primarily" for that purpose. Having previously concluded that plaintiffs' claims were not frivolous, we cannot say that the promotion of plaintiffs' social agenda was paramount over asserting their non-frivolous claims that, if successful, could have earned them a sizable award. Because there is no showing that plaintiffs' claims were brought primarily for purposes of harassment, we deny defendants' motion for attorneys' fees and non-taxable costs (doc. 216).

The issue of costs under Rule 54 (d)(1), Fed. R. Civ. P., presents an entirely different question. Rule 54(d)(1) provides that costs other than attorneys' fees "should be allowed to the prevailing party." "The unsuccessful litigant can overcome this presumption [in favor of the award of costs under Rule 54(d)] only by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs. . . . A district court therefore must award costs unless the prevailing party is guilty of some fault, misconduct, or default worthy of punishment." U.S. ex rel. Lindenthal v. General Dynamics Corp., 61 F.3d 1402, 1414 (9th Cir. 1995) (applying Rule 54(d) in a False Claims Act case) (citation omitted).

Plaintiffs claim that a permissive award of costs would chill the exercise of rights by *qui tam* litigants both in this case and other cases brought under the False Claims Act. Such a blanket exclusion of costs in False Claims Act cases was rejected in Lindenthal. Id. at 1413-14. Because plaintiffs do not allege any impropriety or misconduct on the part of defendants, or otherwise present valid reasons to disallow defendants' costs, we deny plaintiffs' motion for review of costs (doc. 229), and allow costs in the amount taxed by the clerk.

1  **IT IS ORDERED DENYING** defendants' motion for attorneys' fees and non-taxable
2  costs (doc. 216). **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for review
3  of costs (doc. 229).

DATED this 29th day of February, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge